UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BERNICE SMYRE,

    Plaintiff,

v.                                             CASE NO. 3:10-CV-00147-J-JBT

MICHAEL J. ASTRUE, Commissioner
of the Social Security Administration,

    Defendant.
_____/

## **ORDER**[1]

**THIS CAUSE** is before the Court on Plaintiff's appeal of an administrative decision denying her applications for a Period of Disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI"). The Court has reviewed the record, the briefs, and the applicable law. For the reasons set forth herein, the Commissioner's decision is due to be **REVERSED and REMANDED**.

    **I.**    **Issue on Appeal and Summary of Decision**

There is only one issue on appeal: whether the Administrative Law Judge's ("ALJ") finding that Plaintiff has transferable skills is supported by substantial evidence. The Court holds that it is not. Moreover, the Court cannot say this error is harmless. Therefore, the ALJ's decision must be reversed and the case remanded for the ALJ to make findings of fact regarding Plaintiff's transferable skills.

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. (Docs. 13 & 14.)

## II.     Procedural History and Summary of the ALJ's Decision

On September 21, 2007, Plaintiff filed applications for a Period of Disability, DIB, and SSI, alleging she became disabled on December 24, 2004. (Tr. 116-24.) The Social Security Administration ("SSA") denied these applications initially and on reconsideration. (Tr. 36-43, 63-68, 72-77.) Plaintiff then requested and received a hearing before the ALJ on June 4, 2009, during which she was represented by an attorney. (Tr. 6.) Plaintiff and Charles Kimball Heartsill, a vocational expert ("VE"), appeared and testified at the hearing. (Tr. 6-29.)

On July 31, 2009, the ALJ issued his decision, finding Plaintiff not disabled and denying her claim. (Tr. 47-55.) The ALJ first determined that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2011. (Tr. 49.) At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since December 24, 2004. (*Id*.) At step two, the ALJ determined that Plaintiff had "the following severe impairments: history of pancreatitis and hypertension, controlled by medication." (*Id*.) At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 50.) The ALJ then determined that Plaintiff had the Residual Functional Capacity ("RFC") to perform a range of light work. (Tr. 51.) Next, at step four the ALJ determined that Plaintiff was unable to perform any of her past relevant work. (Tr. 53.)

2

The ALJ then found that considering Plaintiff's age of fifty-two on the alleged disability onset date, Plaintiff would be defined as an individual closely approaching advanced age under 20 C.F.R. §§ 404.1563, 416.963. (Tr. 53.) He also determined that Plaintiff had at a least a high school education and was able to communicate in English. (*Id.*) Further, the ALJ found that Plaintiff had acquired work skills from past relevant work, and supported this finding as follows:

> The [VE] testified that the claimant's past relevant work as certified nursing assistant was semi-skilled with a specific vocational preparation (SVP) code of 4 and required the following skills: knowledge of medical procedures, medical record keeping and patient treatment. Further, the VE testified that the skills the claimant acquired in her past relevant work would transfer to other work as a companion.

(*Id.*)

As step five, based on Plaintiff's age, education, work experience, and RFC, the ALJ determined that Plaintiff had "acquired work skills from past relevant work that are transferable to other occupations with jobs existing in significant numbers in the national economy." (*Id.*) The ALJ noted that the VE testified that an individual in Plaintiff's position could perform the job of "companion (DOT #309.667-010), a semi-skilled (SVP of 3), light occupation, 2,600 jobs in Florida and 45,000 jobs nationally." (Tr. 54.) Thus, the ALJ concluded that Plaintiff had not been under a disability within the meaning of the Social Security Act from December 24, 2004 through July 31, 2009. (*Id.*)

Following the ALJ's decision, Plaintiff filed a Request for Review by the

3

Appeals Council, which was denied on January 4, 2010. (Tr. 1-3.) Accordingly, the ALJ's July 31, 2009 decision is the final decision of the Commissioner. On February 18, 2010, Plaintiff timely filed her Complaint with this Court. (Doc. 1.)

### III. Social Security Act Eligibility and Standard of Review

A claimant is entitled to disability benefits when she is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i)(1), 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The Commissioner has established a five-step sequential analysis for evaluating a claim of disability. *See* 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).[2]

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988) (citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. §

---

[2] The law and regulations governing a claim for DIB and a claim for SSI are identical; therefore, claims for DIB and SSI are treated identically for the purpose of determining whether a claimant is disabled. *Patterson v. Bowen*, 799 F.2d 1455, 1456 n.1 (11th Cir. 1986); *see also McCruter v. Bowen*, 791 F.2d 1544, 1545 n.2 (11th Cir. 1986).

405(g). Substantial evidence is "more than a scintilla, *i.e.,* evidence that must do more than create a suspicion of the existence of the fact to be established, and such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (per curiam) (internal citations omitted); *see also Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (per curiam) ("Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'").

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991) (per curiam). "The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision." *Foote*, 67 F.3d at 1560; *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating that the court must scrutinize the entire record to determine the reasonableness of the factual findings).

**IV.    Analysis**

Social Security Ruling ("SSR") 82-41 provides in relevant part:

> When the issue of skills and their transferability must be decided, the adjudicator or ALJ is required to make certain findings of fact and include them in the written decision. Findings should be supported with

5

> appropriate documentation.
> When a finding is made that a claimant has transferable skills, *the acquired work skills must be identified*, and specific occupations to which the acquired work skills are transferable must be cited in the State agency's determination or ALJ's decision.

(emphasis added).

In this case, the ALJ did identify Plaintiff's acquired work skills, which he stated were "knowledge of medical procedures, medical record keeping and patient treatment." (Tr. 53.) Although the ALJ stated that the VE had identified these skills in his testimony, the VE never did testify regarding those or any specific skills. (Tr. 26-29.) The VE did, however, testify that the position of "companion" did not require any additional skills from Plaintiff's former occupation of Certified Nursing Assistant ("CNA"). (Tr. 27.) The VE explained:

> [Y]ou basically go from a nurse assistant to a . . . sitter service type of thing where you're not, you're not doing the things, all the full range of what a, a nursing assistant would do. You're just basically sitting there and if some, somebody needs something you notify someone else.

(Tr. 28.) In light of the above testimony, the Commissioner contends that any error the ALJ may have committed in mischaracterizing the VE's testimony is harmless. (Doc. 18.)

Preliminarily, the Commissioner does not argue that the above cited requirements of SSR 82-41 are inapplicable in this case. Rather, the Commissioner argues that the ALJ complied with SSR 82-41. (Doc. 18 at 5-6.) Thus, this Court will accept for purposes of this decision that the requirements of SSR 82-41 apply, even

6

though the circuit courts have split on the issue whether SSR 82-41 governs when the ALJ does not rely solely on the Medical-Vocational Guidelines ("the Grids"). *Compare Draegert v. Barnhart*, 311 F.3d 468, 474, 476-77 (2d Cir. 2002); *and Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 2009) (agreeing with *Draegert* that "specific findings on transferable skills are necessary even where the ALJ relies on the testimony of a VE"); *with Wilson v. Comm'r of Soc. Sec.*, 2004 FED App. 0255P, 378 F.3d 541, 549 (6th Cir.) (finding that "[t]he regulation does not explicitly mandate the enumeration of transferable skills at step 5" and that "SSR 82-41 does not require the identification of transferable skills" unless the ALJ relies solely on the Grids); *and Tucker v. Barnhart*, 130 Fed. App'x 67, 68 (8th Cir. May 3, 2005) (per curiam) (finding "the ALJ properly relied on VE testimony to find that [plaintiff] had transferable skills . . . and under [SSR] 82-41, the ALJ and VE were not required to identify [plaintiff's] transferable skills").

The Eleventh Circuit has not decided whether SSR 82-41 requires the identification of transferable skills when the ALJ is not relying solely on the Grids. However, at least one district court in this Circuit has held that SSR 82-41 applies in this situation. *See Ripley v. Astrue*, 2010 WL 1759554, at *8 (M.D. Fla. Apr. 30, 2010) (directing the ALJ, on remand, to "follow SSR 82-41 and state the transferable skills in his decision"). Because the Commissioner has not contended in this case that the aforementioned holdings in the Sixth and Eighth Circuits should be adopted, and has not briefed the issue, this Court accepts that SSR 82-41 governs.

It is clear that the VE never testified regarding any specific transferable skills. Moreover, the Court has reviewed the entire record and finds no substantial evidence to support the skills the ALJ identified.[3]  Therefore, the sole issue is whether this error is harmless in light of the VE's testimony that the position of "companion" required no greater skills than that of CNA.

In this regard, *Ripley* is instructive and distinguishable.  In that case, the district court recognized the requirements of SSR 82-41, but held that "[a]ny omission by the ALJ in not reciting these skills in his decision [was] minor and . . . [there was] no substantial error." *Ripley*, 2010 WL 1759554, at *8.  Nevertheless, since the ALJ was remanding the case on separate grounds, the court stated that, "[o]n remand, the ALJ should follow SSR 82-41 and state the transferable skills in his decision." *Id.*

*Ripley* is distinguishable, however, because in that case, although the ALJ did not state the transferable skills, the VE did specify those skills in her testimony.  In the case at bar, the opposite situation exists.  The VE did not specify any particular skills at the hearing, but the ALJ attempted to rectify that omission by supplying such skills himself.  However, as noted, the ALJ's finding is unsupported by substantial evidence.

The Eleventh Circuit has recognized that the doctrine of harmless error

---

[3] It would be improper for the Court to do its own research or rely on matters outside the record. *See, e.g., United States v. Bosby*, 675 F.2d 1174, 1181 n.9 (11th Cir. 1982) ("Generally, appellate courts will not consider matters outside the record.").

applies in the context of appeals from decisions of the Commissioner. *See, e.g.*, *Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983); *Ware v. Schweiker*, 651 F.2d 408, 413 (5th Cir. 1981) ("Judicial review is not for the purpose of exacting punctilio but to assure that the Secretary's determination does not trespass the statute.") Nevertheless, the Court cannot say that the error is harmless in the circumstances of this case.

First, the VE and ALJ recognized only one occupation, companion, to which Plaintiff's skills were transferable. Second, Plaintiff was considered a person "closely approaching advanced age" on her alleged disability onset date. (Tr. 53.) Under 20 C.F.R. §§ 404.1563(d), 416.963(d), if a claimant is "closely approaching advanced age (age 50-54), we will consider that [her] age along with a severe impairment(s) and limited work experience may seriously affect [her] ability to adjust to other work." Although the VE concluded in summary fashion that the skills of a CNA were transferable to the position of companion, he did not specify the skills that were transferable. Had he done so, Plaintiff could have challenged his testimony.[4]

Moreover, any finding by the ALJ should be subject to a meaningful review by this Court. *See Bray*, 554 F.3d at 1226 (citing *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947)) (stating that "meaningful review of an administrative decision requires access to the facts and reasons supporting that decision"). In this case, the ALJ's

---

[4] Plaintiff was given an opportunity to cross-examine the VE, which she declined, but it was not Plaintiff's burden to prompt the VE to describe specific transferable skills. (Tr. 29.)

9

finding regarding Plaintiff's identified specific transferable skills lacks factual support. This Court cannot say the ALJ's error is harmless because had the VE been required to identify specific skills in support of his testimony, such testimony could have been challenged and the outcome might have been different.

### V. Conclusion

For the reasons stated in this Order, the ALJ's decision is not supported by substantial evidence. Moreover, the Court does not consider this error harmless. Therefore, the Commissioner's decision must be reversed and the case remanded for further proceedings.

Accordingly, it is **ORDERED:**

1. The Commissioner's decision is **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g).

2. On remand, the Commissioner shall further develop the record and make specific findings regarding Plaintiff's transferable skills, including identifying such skills and otherwise following SSR 82-41. The ALJ shall also conduct any further proceedings deemed appropriate.

3. Should this remand result in the award of benefits, Plaintiff's attorney is **GRANTED**, pursuant to Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure, an extension of time in which to file a petition for authorization of attorneys' fees under 42 U.S.C. § 406(b), until thirty (30) days after the date of the Commissioner's letter sent to Plaintiff's counsel of record at the conclusion of the Agency's past due

benefit calculation stating the amount withheld for attorneys' fees. This Order does not extend the time limits for filing a motion for attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412.

    4.    The Clerk of Court is **DIRECTED** to enter judgment consistent with this Order and close the file.

    **DONE AND ORDERED** at Jacksonville, Florida, on January 28, 2011.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

Counsel of Record